```
                    UNITED STATES DISTRICT COURT
                  DISTRICT OF PUERTO RICO (San Juan)
```

|  |  |
|---|---|
| BERNICE BEAUCHAMP-VELAZQUEZ, *personally and on behalf of her minor daughter, A.M.B.,* </br></br>　　　　Plaintiff, </br></br>　　　v. </br></br>DEPARTMENT OF EDUCATION OF PUERTO RICO, and COMMONWEALTH OF PUERTO RICO, </br></br>　　　　Defendants. | CIVIL ACTION </br> NO. 3:17-01419-WGY |

YOUNG, D.J.[1]　　　　　　　　　　　　　　　　　　July 13, 2017

### MEMORANDUM AND ORDER

The Court has been under a misapprehension concerning the procedural posture of this case (Candidly, I mixed it up with another IDEA case with a similar caption). Accordingly, the Court's orders of June 21, 2017 (Docket No. 11) and July 10, 2017 (Docket No. 14) are VACATED as inapposite.

In fact, this case presents the issue whether a valid claim for attorneys' fees and costs made following the successful resolution of an IDEA case in the plaintiffs' favor must nevertheless be stayed pursuant to Title III of PROMESA. The

---

[1] Of the District of Massachusetts, sitting by designation.

issue has been fully briefed and well presented. Reluctantly, this Court concludes that the stay applies here.

The Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §§ 1400-50, provides that successful claimants may recover their reasonable attorneys' fees and costs. Id. § 1415(i)(3)(B). The plaintiffs here are such successful claimants. Title III of the Puerto Rico Oversight, Management and Economic Stability Act ("PROMESA"), 48 U.S.C. §§ 2101-2241, incorporates -- with certain exceptions -- the automatic litigation stay provisions expressed in sections 362(a) and 922(a) of the Bankruptcy Code. Id. § 2161. Section 362(a) automatically stays any judicial proceeding "to recover a claim against the debtor" (here the Commonwealth of Puerto Rico) and Section 101(5) of the Bankruptcy Code provides:

> The term 'claim' means --
> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

Read harmoniously, PROMESA's bankruptcy-like stay operates to delay this otherwise lawful claim for attorneys' fees.

The decision of my colleague Judge Gelpi in Vazquez-Carmona v. Department of Education of Puerto Rico, No. 16-1846 (GAG),

[2]

2017 WL 2352153 (D.P.R. May 31, 2017), is not to the contrary, as Judge Gelpi made clear in his order of June 9, 2017. Like Judge Gelpi, I agree that the automatic stay does not frustrate the proper adjudication of the merits of IDEA litigation or the immediate implementation of any remedial orders stemming therefrom (even though the very fact of on-going litigation and remedial orders may impose a financial burden on the Commonwealth of Puerto Rico). The claim for attorneys' fees, however, is a different matter -- one not yet addressed by Judge Gelpi. That sad duty falls to this Court.

The decision of Judge Wright in a similar governmental bankruptcy is instructive and persuasive:

> At bottom, an action that seeks to recover attorneys' fees from the debtor is unquestionably one that attempts to obtain possession of the property of the debtor, and is thus subject to stay under §362(a)(3). In re City of Stockton, Cal., 499 B.R. 802, 807 (Bankr. E.D. Cal 2013) ("[A] monetary award in the form of fees, costs, or otherwise leaves a potential for offending § 362(a)(3) . . .").

In re City of San Bernardino, 558 B.R. 321, 331 (C.D. Cal. 2016).

This Court is not unmindful of the consequences of its ruling. The attorneys' fees provisions of IDEA were carefully crafted by Congress to give the parents of our most vulnerable children some support and leverage in fighting for the rights of their disadvantaged sons and daughters. Now this Court consigns

[3]

successful counsel to the limbo of a bankruptcy claim along with hundreds of thousands of other claimants who may be equally deserving.

Let's talk plainly. This ruling illustrates the difficulties of applying bankruptcy principles to government entities. Governments large and small are not capitalist for-profit entities, investing for hope of gain while running the risk of loss. Governments are intimately involved in securing to each of us the blessings of "life, liberty, and the pursuit of happiness." The Declaration of Independence para 2 (U.S. 1776). Indeed, we believe that is why governments are "instituted among [us], deriving their just powers from the consent of the governed." Id.

In this case, no well-run law firm can long endure in this line of work if all they can expect is a bankruptcy claim. As competent legal representation dries up, parents in Puerto Rico in need of the protections of IDEA will find themselves bereft of the advantages enjoyed by their fellow citizens throughout the states of the United States. In a very real sense, they will no longer share equally in the protection of the laws. And this is but one example. It is amplified across the entire swath of governmental services provided by the Commonwealth of Puerto Rico. True, no such constitutional issue is yet before me but it looms imminent. Practically, our fellow citizens in

[4]

Puerto Rico understand this full well. They are leaving in droves. Eric Platt, Puerto Rico: An island's exodus, Financial Times (Aug. 25, 2016), https://www.ft.com/content/f9251a80-652b-11e6-a08a-c7ac04ef00aa; Leonor Ayala Polley, 'Forced Exile,' Say Puerto Ricans Leaving Island Amid Financial Crisis, NBC News (May 3, 2016), http://www.nbcnews.com/news/latino/forced-exile-say-puerto-ricans-leaving-island-amid-financial-crisis-n566781; Jonathan Levin & Rebecca Spalding, Puerto Rico's Exodus is Speeding the Island's Economic Collapse, Bloomberg (June 2, 2017), https://www.bloomberg.com/news/articles/2017-06-02/-i-had-to-choose-for-my-family-thousands-fleeing-puerto-rico. Do those of us who enjoy voting representation in Congress truly appreciate what we have done?

## ORDER

For the reasons set forth above, this application for attorneys' fees and costs is stayed and the case administratively closed. It may be reopened upon motion of any party should the stay be lifted or the bankruptcy proceedings conclude, whichever shall first occur.

**SO ORDERED.**

By the Court,

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE